■ TIMOTHY M. BROWN et al., Respondents, v AURORA SYSTEMS, INC., Appellant-Respondent, GOULD, INC., et al.,

Respondents-Appellants, and HANES SUPPLY, INC., Respondent. [723 NYS2d 793] —Order unanimously affirmed without costs. Memorandum: Timothy M. Brown (plaintiff), an employee of third-party defendant Metal Cladding, Inc. (Metal Cladding), was injured when a large component part of an injection mold that was being moved by means of a hoist and rigging system fell on his leg. Supreme Court properly granted plaintiffs' cross motion seeking to add GNB Technologies (GNB) as a defendant after the expiration of the Statute of Limitations (*see,* CPLR 203). Plaintiffs met the three-prong test under *Buran v Coupal* (87 NY2d 173, 178) to entitle them to that relief. Defendant Gould, Inc. (Gould) and its successor entities named as defendants (Gould defendants) concede that the first prong of the *Buran* test is met, i.e., that the claims against them arise from the same conduct, transaction or occurrence (*Buran v Coupal, supra,* at 178). With respect to the second prong, we conclude that GNB is united in interest with the Gould defendants by virtue of the Restated Resumption Agreement between Gould and GNB's predecessor. That agreement provides "that GNB shall have sole and complete responsibility and liability for * * * any liabilities or obligations arising from claims, proceedings or causes of actions resulting from property damage or personal injuries caused by products manufactured (whether prior to or after the Effective Date [the transfer of assets and stock]) by the [battery] Divisions, the occurrence of which is on or subsequent to the Effective Date." Plaintiffs allege that the injection mold was "negligently and carelessly designed, manufactured, tested, inspected, sold, distributed, installed, maintained and repaired by" the Gould defendants. Gould designed the battery jar to meet specifications of the United States Navy, and GNB purchased the battery divisions of Gould. Because GNB is liable for any personal injury associated with the battery divisions sold to it by Gould, there is a unity of interest between GNB and the Gould defendants (*see, Buran v Coupal, supra,* at 177-178).

With respect to the third prong of the *Buran* test, we conclude that plaintiffs established that their failure to include GNB as a defendant was a mistake and not, as the Gould defendants contend, the result of a strategy to obtain a tactical advantage (*see, Buran v Coupal, supra,* at 181). Because of the complex history of the two entities, plaintiffs reasonably believed that GNB was part of Gould.

The court properly denied the motion of defendant Aurora Systems, Inc. (Aurora Systems) seeking summary judgment dismissing the complaint against it. Aurora Systems contracted

with Metal Cladding for the inspection, maintenance and repair of the hoist; the rigging system in which the injection mold was held is not part of the hoist but is connected to the hoist by a shackle that is attached to the hook on the hoist. Although Aurora Systems met its initial burden by establishing its entitlement to judgment as a matter of law, plaintiffs raised issues of fact, e.g., whether the duties of Aurora Systems were limited to the inspection of the hoist and whether a large component part of the injection mold fell as a result of a faulty safety latch on the hook, which is part of the hoist (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ. [As amended by unpublished order entered July 3, 2001.]