■ ISABEL ASTUDILLO, Appellant, v FLUSHING HOSPITAL MEDICAL CENTER, et al., Defendants, and GEDDIS ABEL-BEY et al., Respondents. [796 NYS2d 95]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Hart, J.), dated November 10, 2003, which granted that branch of the motion of the defendant Geddis Abel-Bey which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the statute of limitations had expired, and (2) an order of the same court dated November 28, 2003, which, in effect, amended the order dated November 10, 2003, by granting those branches of the motion of the defendant Geddis Abel-Bey which were for summary judgment dismissing the complaint insofar as asserted against him on the ground that the statute of limitations had expired and based on lack of personal jurisdiction, and granted the motion of the defendant James Liu, in effect, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the statute of limitations had expired and based on lack of personal jurisdiction.

Ordered that the appeal from the order dated November 10, 2003, is dismissed, as that order was superseded by the order dated November 28, 2003; and it is further,

Ordered that the order dated November 28, 2003 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Geddis Abel-Bey which was to dismiss the complaint insofar as asserted against him and substituting therefor a provision denying that branch of the motion; as so modified, the order dated November 28, 2003, is affirmed, the order dated November 10, 2003, is modified accordingly, the complaint insofar as asserted against the defendant Geddis Abel-Bey is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether personal jurisdiction was properly obtained over the defendant Geddis Abel-Bey; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Geddis Abel-Bey, and one bill of costs is awarded to the defendant James Liu, payable by the plaintiff.

The Supreme Court erred in granting the motion to dismiss the complaint insofar as asserted against the defendant Geddis Abel-Bey on the ground that it was barred by the applicable statute of limitations. Abel-Bey made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff's medical malpractice claim was not interposed against him within 2½ years of accrual of the cause of action (*see* CPLR 214-a; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). However, in opposition, the plaintiff demonstrated that the interposition of her medical malpractice cause of action against Abel-Bey related back to the interposition of her original complaint against the defendant Flushing Hospital Medical Center (hereinafter the hospital) (*see Buran v Coupal,* 87 NY2d 173 [1995]; *Losner v Cashline, L.P.,* 303 AD2d 647 [2003]; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703 [1999]).

Further, the Supreme Court erred in dismissing the complaint against Abel-Bey on the ground that he was not properly served with process. In view of the parties' conflicting affidavits with respect to service on him, a hearing should have been held to determine whether service upon Abel-Bey was properly effected (*see Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343 [2003]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for that purpose.

However, the Supreme Court properly granted the motion of the defendant James Liu to dismiss the complaint insofar as asserted against him on statute of limitations grounds. The plaintiff failed to raise a triable issue of fact as to whether her claim against Liu related back to her timely action against the hospital. In view of our determination that the cause of action against Liu is time-barred, we need not address the plaintiff's contention that the Supreme Court should have held a hearing in connection with Liu's defense of lack of personal jurisdiction. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.