FRANK NANI et al., Respondents, v RANDALL J. GOULD, Appellant. [833 NYS2d 198]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated March 16, 2006, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of limitations.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint is granted.

On January 3, 2003 the plaintiff's decedent Mary Nani (hereinafter the decedent) was examined by the defendant doctor, Randall J. Gould, one of four shareholders of Massapequa Internal Medicine Associates, P.C. (hereinafter Massapequa Medicine). Gould referred the decedent to a hospital for cardiac catheterization, and the procedure was performed on or about January 10, 2003 by David Witkes, a fellow doctor and member

of Massapequa Medicine. The decedent had a heart attack five days later and she died on January 18, 2003.

On or about June 17, 2004 the plaintiffs commenced an action (hereinafter the related action) sounding in medical malpractice and wrongful death against, inter alia, Witkes and Massapequa Medicine. On or about September 23, 2005, after the statute of limitations for both wrongful death and medical malpractice had expired, the plaintiffs commenced the instant action against Gould.

Subsequently, Gould moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was time-barred. He contended that the causes of action alleging wrongful death and medical malpractice expired on January 18, 2005 and July 18, 2005, respectively (*see* EPTL 5-4.1; CPLR 214-a). In opposition to the motion, the plaintiffs did not dispute that the limitations periods had expired, but contended that the action against Gould "related back" to the commencement of the action against Massapequa Medicine and Witkes (*see Buran v Coupal*, 87 NY2d 173 [1995]; CPLR 203 [c]). The Supreme Court denied the motion and we reverse.

In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiffs must establish that (1) both claims arose out of same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against him as well (*see Buran v Coupal, supra* at 178; *Porter v Annabi*, 39 AD3d 869 [2007]; *Brock v Bua*, 83 AD2d 61, 69 [1981]). The burden is on the plaintiff to establish the applicability of the doctrine once a defendant has demonstrated that the statute of limitations has expired (*see Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]).

The Supreme Court correctly determined that the plaintiffs met their burden as to the first two prongs of the three-part test. The claims in both actions are based upon the same alleged negligence in connection with the decedent's medical treatment during the eight days preceding her death. Further, since Gould's alleged negligence was committed while he was acting as an employee of Massapequa Medicine, they are "united in interest" for purposes of the relation-back doctrine, regardless of "whether the actual wrongdoer or the person or entity

sought to be charged vicariously was served first" (*Connell v Hayden*, 83 AD2d 30, 48 [1981]; *see Astudillo v Flushing Hosp. Med. Ctr.*, 18 AD3d 588, 589 [2005]; *Schiavone v Victory Mem. Hosp.*, 300 AD2d 294 [2002]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702 [1999]).

However, the plaintiffs failed to establish the third element, which focuses, inter alia, on "whether the *defendant* could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter has been laid to rest as far as he [or she] is concerned'" (*Buran v Coupal, supra* at 181, quoting *Brock v Bua*, 83 AD2d at 70). Here, the plaintiffs knew from the outset that the decedent had been treated by Gould immediately prior to her admission to the hospital. Thus, the failure to include Gould as a defendant in the timely commenced original suit was not the result of a mistake as to the identity of the correct defendant, and Gould had no reason to think that he would have been named in the related action but for a mistake as to his identity (*see Monir v Khandakar*, 30 AD3d 487, 490 [2006]; *Bereck, P.C. v Hamza*, 299 AD2d 516 [2002]; *Spaulding v Mt. Vernon Hosp.*, 283 AD2d 634 [2001]; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436 [1996]). Moreover, the plaintiffs allowed the statute of limitations for medical malpractice to expire in July 2005, about two months before they commenced this action against Gould. Thus, Gould could have reasonably concluded that the plaintiffs decided that no meritorious claim could be asserted against him and that the plaintiffs intended to proceed only against those defendants named in the related action (*see Buran v Coupal, supra*). Under these circumstances, the policies underlying the statute of limitations and the relation-back doctrine do not permit the plaintiffs to commence an action after expiration of the applicable statutes of limitations. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.