■ DIANA CARDAMONE, Plaintiff, v JOHN J. RICOTTA et al., Defendants. (Action No. 1.) DIANA CARDAMONE, Appellant, v JAMES VOSSWINKEL et al., Respondents. (Action No. 2.) [850 NYS2d 511]—

In related actions, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff in action No. 2 appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated August 28, 2006, as granted the separate motions of the defendants in action No. 2, James Vosswinkel and Bo Liu, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was admitted to Stony Brook University Hospital on September 8, 2002. On September 19, 2002 she was taken to an operating room where she underwent an angioplasty of her left renal artery. Thereafter, she allegedly suffered a difficult post-operative course, which included active bleeding in her pelvic region. Intervention was unsuccessful, and the decedent died on an operating table, early on the morning of September 20, 2002.

The administratrix of the decedent's estate commenced action No. 2 against the defendants James Vosswinkel, M.D., and Bo Liu, M.D. (hereinafter the defendants), on March 21, 2006.

In lieu of answering the complaint, the defendants made separate motions to dismiss it pursuant to CPLR 3211 (a) (5), asserting that the action was time-barred based on the applicable statutes of limitation. Both defendants maintained that the period of limitations for the cause of action alleging medical malpractice expired on March 20, 2005 (see CPLR 214-a). (The correct date of expiration actually was March 21, 2005, since the day before was a Sunday; see General Construction Law § 25-a [1]. However, the difference is immaterial on the facts presented). Further, they argued that the period of limitations for the cause of action alleging wrongful death expired on September 20, 2004 (see EPTL 5-4.1). In opposition to the motions, the plaintiff argued that the interposition of the causes of action in this case related back to her timely interposition of claims against the State of New York in earlier-filed actions in the Court of Claims.

"For the rule allowing relation back to the date of service or filing of the original complaint under CPLR 203 (b) or (c) to be operative in an action in which a party is added beyond the applicable limitations period, a plaintiff is required to prove that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *Nani v Gould*, 39 AD3d 508, 509 [2007]; *Brock v Bua*, 83 AD2d 61, 69 [1981]).

Once a defendant has demonstrated that the statute of limitations has expired, "[t]he burden is on the plaintiff to establish the applicability of the [relation back] doctrine" (*Nani v Gould*, 39 AD3d 508, 509 [2007]; *see Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]). The plaintiff failed to do so.

The Supreme Court correctly determined that the plaintiff's failure to timely bring the action against the defendants was "the product of [her] failure to make a timely and genuine at-

tempt to ascertain [their] identity," rather than the result of a mistake (*Hall v Rao*, 26 AD3d 694, 696 [2006]), and the defendants "had no reason to think that [they] would have been named in the related action but for a mistake as to [their] identity" (*Nani v Gould*, 39 AD3d 508, 510 [2007]; *see Brock v Bua*, 83 AD2d 61, 70-71 [1981]). As noted by the Supreme Court, the decedent's chart referenced Dr. Liu as being part of the anesthesia team during the plaintiff's fatal surgery, and a resident's note mentioned Dr. Vosswinkel as being present when the plaintiff was intubated and brought into the operating room late in the evening of September 19, 2002. Nevertheless, as correctly noted by the Supreme Court, there was "no sworn allegation by plaintiff that [these documents were] not available to plaintiff before the statute[s] of limitations expired." For all that appears from this record—assuming they even knew about the earlier, Court of Claims, actions—the defendants could reasonably have concluded that the plaintiff's failure to sue them within the applicable periods of limitations meant that there was no intent to sue them at all and that the matter had been concluded as far as they were concerned (*see Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007]; *Nani v Gould*, 39 AD3d 508, 510 [2007]; *cf. Buran v Coupal*, 87 NY2d 173, 182 [1995]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477 [1985]).

Accordingly, the Supreme Court properly granted the defendants' motions to dismiss the complaint in action No. 2 on the ground that it was barred by the applicable statutes of limitation.

The plaintiff's remaining contentions are without merit. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.