■ In the Matter of KELLY's SHEET METAL, INC., Petitioner, v WILLIAM C. THOMPSON, as Comptroller of the City of New York, et al., Respondents. [859 NYS2d 82]—

Determination of respondent Comptroller of the City of New York, dated January 14, 2008, which, inter alia, found that petitioner willfully failed to pay the prevailing rate of wages and benefits to three complainants who worked on projects at Bellevue Hospital, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (commenced in this Court pursuant to Labor Law § 220 [8]), dismissed, without costs.

Petitioner's argument that it did not exercise sufficient control over the complainants to render them its employees is not preserved; before the Administrative Law Judge, petitioner's argument was that the complainants had completely fabricated their stories and had not worked at Bellevue Hospital on the dates mentioned in their complaints (*see Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905, 907-908 [2006], *lv denied* 8 NY3d 803 [2007]). Although petitioner's principal and one of its employees testified that the employee did not have authority to hire the complainants on petitioner's behalf, that testimony was rejected by the Administrative Law Judge, who heard and saw the witnesses and is the best judge of their credibility (*see Matter of Stork Rest. v Boland*, 282 NY 256, 274 [1940]). Petitioner's argument that there was insufficient evidence of willfulness is improperly raised for the first time in its reply brief. Were we to consider this argument, we would reject it, in view of petitioner's principal's testimony that 99% of

petitioner's jobs are public works, and that as a person who has been doing public works contracts for a long time, he knows the penalties for not paying prevailing wages (*see Nash*, 34 AD3d at 907). Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.