■ Juan Carlos Morel, an Infant, by His Mother and Natural Guardian, Carmen Hernandez, et al., Respondents-Appellants, v Ben Schenker, Defendant, and 164 & 172 Holding LLC, Appellant-Respondent. [882 NYS2d 112]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered January 13, 2009, which denied defendant Holding's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for leave to amend their complaint, unanimously modified, on the law, plaintiffs' cross motion for leave to amend granted, and otherwise affirmed, without costs.

The underlying action arose out of two separate incidents: the infant plaintiff's alleged exposure to mold, dust and vermin in or about October 2000, and alleged injury to plaintiff mother (introduced in the bill of particulars) from a ceiling collapse on February 23, 2003. Triable issues of fact exist as to whether Holding was a proper party to the litigation. Although Holding's application to the motion court was predicated solely on its lack of ownership of the subject property, it now argues on appeal that there is no proof it had any duty toward the property, maintained the property, or employed anyone who appeared at depositions on behalf of the property. However, admissions made by counsel on behalf of their clients are binding (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]), and Holding's discovery responses create issues of fact as to whether work or repairs made by its employees may have caused plaintiffs' injuries.

As to the proposed amendment to the complaint to add additional defendants, a claim asserted against a new party will relate back to the date upon which plaintiffs' claim was previously interposed against the original named defendant, despite the fact that the new party was not named in the originally served process, but only if (1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant and thus can be charged with notice of the initiation of the action without being prejudiced in maintaining his defense on the merits, and (3) the new party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (*Brock v Bua*, 83 AD2d 61, 69 [1981]). Here, defendant and the proposed

defendants produced the deposition testimony of the superintendent of the subject premises, who stated that he was an employee of COB Holding, one of the proposed defendants. This testimony directly contradicted a discovery response on August 17, 2005, in which Holding conceded that the employee "was the superintendent on the alleged date of loss, 2/23/03 and is still currently employed by . . . Holding . . . as superintendent." Further, the proposed defendants, along with Holding, were identified as named insureds on the same general insurance policy applicable to the subject premises. Holding shared the same address with the proposed defendants. Under the circumstances, we find that plaintiffs have provided sufficient evidence entitling them to amend their complaint.

Holding's argument that certain evidence attached to plaintiffs' cross motion papers should be stricken as inadmissible because it is unauthenticated is raised for the first time in reply, and is thus rejected (*Matter of Kelly's Sheet Metal, Inc. v Thompson*, 52 AD3d 220 [2008]). Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.