■ NEIL GOLDSTEIN, D.D.S., et al., Respondents, v BROOKWOOD BUILDING CORPORATION, Defendant, WEYERHAEUSER COMPANY, Respondent, and SPALL REALTY CORPORATION, Appellant. [903 NYS2d 628]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 26, 2009. The order, among other things, denied the motion of defendant Spall Realty Corporation for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that

they sustained damages to their property as well as personal injuries as a result of mold in the basement of their newly-constructed home. Supreme Court properly denied that part of the motion of defendant Spall Realty Corporation (Spall Realty) for summary judgment dismissing the second amended complaint against it. Even assuming, arguendo, that Spall Realty met its initial burden of establishing that plaintiffs commenced the action against it after the three-year statute of limitations set forth in CPLR 214-c (2) had expired, we conclude that plaintiffs met their burden of establishing the applicability of the relation-back doctrine (see generally Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 678 [2007]). We reject Spall Realty's contention that plaintiffs failed to establish that the third prong of that doctrine applied, i.e., that Spall Realty "knew or should have known that but for a mistake by the plaintiff[s] as to the identity of the proper parties, the action would have been brought against [it] as well" (Morel v Schenker, 64 AD3d 403, 403 [2009]; see Buran v Coupal, 87 NY2d 173, 178 [1995]; see also Brock v Bua, 83 AD2d 61, 69 [1981]). "[P]laintiffs established that their failure to include [Spall Realty] as a defendant was a mistake and not . . . the result of a strategy to obtain a tactical advantage" (Brown v Aurora Sys., 283 AD2d 956, 957 [2001]; see generally Buran, 87 NY2d at 181). Plaintiffs had discussed the construction of their new home with Spall Realty, but their construction contract was with defendant Brookwood Building Corporation (Brookwood), and plaintiffs were required to make all payments to Brookwood. Plaintiffs were not aware that Brookwood had no employees and that Brookwood had entered into a contract with Spall Realty to perform project management work on the construction of the home, including hiring all the subcontractors. Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.