# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**83**

**CA 10-01099**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

VERIZON NEW YORK, INC., PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

LABARGE BROTHERS CO., INC.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

EDWARD C. COSGROVE, BUFFALO (JAMES C. COSGROVE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANN MAGNARELLI
ALEXANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered August 6, 2009.  The order, among
other things, granted defendant's motion for summary judgment
dismissing plaintiff's complaint and denied plaintiff's cross motion
for leave to amend the complaint to add Suburban Pipeline Co., Inc. as
a defendant.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action alleging that
defendant damaged plaintiff's underground cables.  In appeal No. 1,
plaintiff appeals from an order granting defendant's motion for
summary judgment dismissing the complaint and denying plaintiff's
cross motion seeking leave to amend the complaint to add Suburban
Pipeline Co., Inc. (Suburban) as an additional defendant.  In appeal
No. 2, plaintiff appeals from an order denying its motion for leave to
renew and reargue its opposition to defendant's motion and for leave
to renew and reargue its cross motion.

Addressing first appeal No. 2, we conclude that the appeal must
be dismissed insofar as plaintiff appeals from those parts of the
order denying its motion for leave to reargue its opposition to the
motion and for leave to reargue its cross motion.  It is well settled
that no appeal lies from an order denying leave to reargue (*see Empire
Ins. Co. v Food City*, 167 AD2d 983).  With respect to the remainder of
the order, we note that plaintiff failed to address in its brief any
issues concerning it, and we therefore deem any such issues abandoned
(*see Ciesinski v Town of Aurora*, 202 AD2d 984).

With respect to the order in appeal No. 1, plaintiff contends that Supreme Court erred in denying its cross motion because, although the statute of limitations had expired, the relation back doctrine permits it to add a new defendant.  We reject that contention.  Pursuant to the relation back doctrine, a claim may be asserted against a new defendant after the expiration of the statute of limitations when, inter alia, "the new [defendant] is united in interest with the original defendant[] and by reason of that relationship can be charged with such notice of the institution of the action that the new [defendant] will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement" (*Mondello v New York Blood Ctr.-Greater N.Y. Blood Program*, 80 NY2d 219, 226).  "In [the] context [of this case], unity of interest means that the interest of the parties in the subject[]matter is such that they stand or fall together and that judgment against one will similarly affect the other . . . Although the parties might share a multitude of commonalities, including shareholders and officers . . ., the unity of interest test will not be satisfied unless the parties share precisely the same jural relationship in the action at hand . . . Indeed, unless the original defendant and new [defendant] are vicariously liable for the acts of the other . . . there is no unity of interest between them" (*Zehnick v Meadowbrook II Assoc.*, 20 AD3d 793, 796-797, *lv dismissed in part and denied in part* 5 NY3d 873 [internal quotation marks omitted]; *see Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677, 679).  Here, despite the numerous commonalities between defendant and Suburban, plaintiff failed to establish that Suburban was vicariously liable for the acts of defendant and thus failed to establish that the relation back doctrine applies.

We reject plaintiff's further contention that the court should have pierced the corporate veils of defendant and Suburban and concluded that, inasmuch as they were alter egos of each other, they were united in interest.  "Generally, a party seeking to pierce the corporate veil must establish that '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked[] and (2) that such domination was used to commit a fraud or wrong against the plaintiff [that] resulted in the plaintiff's injury' " (*Matter of Goldman v Chapman*, 44 AD3d 938, 939, *lv denied* 10 NY3d 702, quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141).  Even assuming, arguendo, that Suburban exercised dominion and control over defendant or a joint owner exercised dominion and control over both entities, we conclude that plaintiff failed to establish that any party used its dominion and control to commit a fraud or wrong against plaintiff (*see Morris*, 82 NY2d at 141-142).  We thus agree with defendant and Suburban that they were not united in interest within the context of this action.

We have considered plaintiff's remaining contentions in appeal No. 1 and conclude that they are without merit.

Entered:  February 10, 2011                      Patricia L. Morgan
                                                 Clerk of the Court