# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

668

CA 11-00248

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

ELIZABETH L. HAIDT, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSEPH F. KURNATH, M.D., DEFENDANT,
HENRY WENGENDER AND LYNN WENGENDER,
DEFENDANTS-APPELLANTS.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment and order (one paper) of the Supreme
Court, Monroe County (John J. Ark, J.), entered December 28, 2010.
The judgment and order, insofar as appealed from, denied that part of
the motion of defendants Henry Wengender and Lynn Wengender seeking
summary judgment dismissing the first amended complaint against Lynn
Wengender and granted that part of the cross motion of plaintiff
seeking to dismiss Lynn Wengender's fifth affirmative defense.

It is hereby ORDERED that the appeal by defendant Henry Wengender
is dismissed and the judgment and order is otherwise affirmed without
costs.

Memorandum:  Henry Wengender and Lynn Wengender (collectively,
defendants) appeal, as limited by their brief, from a judgment and
order denying that part of their motion seeking summary judgment
dismissing the first amended complaint against Lynn Wengender
(defendant) as time-barred and granting that part of plaintiff's cross
motion to dismiss the fifth affirmative defense as asserted by
defendant, based on the statute of limitations.  We note at the outset
that the appeal by defendant Henry Wengender must be dismissed
inasmuch as Supreme Court granted that part of defendants' motion
seeking to dismiss the first amended complaint against him, and thus
he is not "[a]n aggrieved party" (CPLR 5511).

We conclude that the court properly determined that the first
amended complaint against defendant was not time-barred based upon the
relation back doctrine.  Pursuant to that doctrine, the claims
asserted against a newly added defendant in an amended pleading may
relate back to claims previously asserted against another defendant
for statute of limitations purposes where those defendants are united

in interest (*see Buran v Coupal*, 87 NY2d 173, 177-178).  In order for the relation back doctrine to apply, a plaintiff must establish that "(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well" (*id.* at 178 [internal quotation marks omitted]; *see Brock v Bua*, 83 AD2d 61, 69).

     As defendant correctly concedes, plaintiff satisfied the first two prongs of the relation back test.  We reject defendant's contention, however, that plaintiff failed to satisfy the third prong of the relation back test, i.e., that defendant "knew or should have known that[,] but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against [her] as well" (*Morel v Schenker*, 64 AD3d 403, 403; *see Goldstein v Brookwood Bldg. Corp.*, 74 AD3d 1801).  "[P]laintiff[] established that [her] failure to include [defendant in the original complaint] . . . was a mistake and not . . . the result of a strategy to obtain a tactical advantage" (*Brown v Aurora Sys.*, 283 AD2d 956, 957; *see Goldstein*, 74 AD3d 1801; *see generally Buran*, 87 NY2d at 178).  In support of her cross motion and in opposition to defendants' motion, plaintiff submitted evidence demonstrating that she did not have sufficient knowledge of defendant's role in prescribing the antibiotic when the alleged medical malpractice occurred or when the action was timely commenced against defendant Joseph F. Kurnath, M.D., approximately 2½ years later.  Rather, the testimony of plaintiff at her first deposition, more than two years after the action was commenced against Dr. Kurnath, establishes that her "knowledge" of defendant's role was largely the result of leading questions by Dr. Kurnath's attorney.

     Defendant's further contention that she did not have "notice . . . within the applicable limitations period" is unpreserved for our review (*Buran*, 87 NY2d at 180) and, in any event, that contention is without merit.  We reject the dissent's conclusion that "the applicable limitations period" must be so narrowly construed that it does not include the 120-day period for service.  Indeed, we note that defendant received notice of plaintiff's claim at the same time as Dr. Kurnath, the original defendant.

     All concur except SMITH, J.P., and PERADOTTO, J., who dissent and vote to reverse the judgment and order insofar as appealed from in accordance with the following Memorandum:  We agree with the majority that the appeal by Henry Wengender should be dismissed.  We conclude, however, that the first amended complaint against Lynn Wengender (defendant) should be dismissed as time-barred because the relation back doctrine does not apply under the circumstances of this case, and we therefore respectfully dissent in part.  It is undisputed that the action was not commenced against defendant until after the expiration

of the 2½-year statute of limitations applicable to medical malpractice actions (*see* CPLR 214-a).  Thus, the claims against her must be dismissed unless they relate back to the claims asserted in the timely filed complaint against defendant Joseph F. Kurnath, M.D. It is well settled that "the three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another are that:  (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well" (*Buran v Coupal*, 87 NY2d 173, 178 [internal quotation marks omitted]).  After a defendant demonstrates that the statute of limitations has expired, the plaintiff bears the burden of establishing that the relation back doctrine applies (*see Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703).  We agree with the majority that plaintiff met her burden with respect to the first two prongs of the *Buran* test, but we conclude that she failed to meet her burden with respect to the third prong.

In support of defendants' motion seeking, inter alia, summary judgment dismissing the first amended complaint against defendant as time-barred, defendants submitted the deposition testimony of plaintiff regarding her telephone conversation with defendant prior to the time when defendant prescribed plaintiff the medication at issue. Defendants also submitted the deposition testimony of plaintiff that she read defendant's name on the prescription bottle containing that medication.  Defendants thereby demonstrated that plaintiff was aware from the outset that defendant was involved in her treatment.  "Thus, the failure to include [defendant] . . . in the timely commenced original suit was not the result of a mistake as to the identity of the correct defendant, and [defendant] had no reason to think that [she] would have been named in the related action but for a mistake as to [her] identity" (*Nani v Gould*, 39 AD3d 508, 510; *see also Cardamone v Ricotta*, 47 AD3d 659, 660-661).  In addition, because plaintiff was "fully aware of the existence of [defendant] . . ., [her] failure to join [defendant] was a mistake of law, which is not the type of mistake contemplated by the relation[ ]back doctrine" (*Doe v HMO-CNY*, 14 AD3d 102, 106 [internal quotation marks omitted]; *see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 165).

Furthermore, "[i]t is well established that the linchpin of the relation back doctrine [is] notice to the [proposed] defendant within the applicable limitations period" (*Lostracco v Mt. St. Mary's Hosp. of Niagara Falls*, 38 AD3d 1312, 1312 [internal quotation marks omitted]; *see Buran*, 87 NY2d at 180; *Cole v Tat-Sum Lee*, 309 AD2d 1165, 1167).  Here, the original complaint was not served upon Dr. Kurnath until after the expiration of the statute of limitations. "Because no one was served until [after the statute of limitations expired], there is no basis to conclude that defendant had any idea

that a lawsuit was pending, much less that [she] would be among the named defendants," within the applicable limitations period (*Cole*, 309 AD2d at 1167-1168).

Inasmuch as plaintiff failed to meet her burden with respect to the third prong of the *Buran* test, we would reverse the judgment and order insofar as appealed from, grant that part of defendants' motion seeking summary judgment dismissing the first amended complaint against defendant, deny that part of plaintiff's cross motion seeking to dismiss the fifth affirmative defense as asserted by defendant and dismiss the first amended complaint against her.