Memorandum:
Henry Wengender and Lynn Wengender (collectively, defendants) appeal, as limited by their brief, from a judgment and order denying that part of their motion seeking summary judgment dismissing the first amended complaint against Lynn Wengender (defendant) as time-barred and granting that part of plaintiffs cross motion to dismiss the fifth affirmative defense as asserted by defendant, based on the statute of limitations. We note at the outset that the appeal by defendant Henry Wengender must be dismissed inasmuch as Supreme Court granted that part of defendants’ motion seeking to dismiss the first amended complaint against him, and thus he is not “[a]n aggrieved party” (CPLR 5511).
We conclude that the court properly determined that the first amended complaint against defendant was not time-barred based upon the relation back doctrine. Pursuant to that doctrine, the claims asserted against a newly added defendant in an amended pleading may relate back to claims previously asserted against another defendant for statute of limitations purposes where those defendants are united in interest (see *936 Buran v Coupal, 87 NY2d 173, 177-178 [1995]). In order for the relation back doctrine to apply, a plaintiff must establish that “(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well” (id. at 178 [internal quotation marks omitted]; see Brock v Bua, 83 AD2d 61, 69 [1981]).
As defendant correctly concedes, plaintiff satisfied the first two prongs of the relation back test. We reject defendant’s contention, however, that plaintiff failed to satisfy the third prong of the relation back test, i.e., that defendant “knew or should have known that[,] but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against [her] as well” (Morel v Schenker, 64 AD3d 403, 403 [2009]; see Goldstein v Brookwood Bldg. Corp., 74 AD3d 1801 [2010]). “[P]laintiff[ ] established that [her] failure to include [defendant in the original complaint] . . . was a mistake and not . . . the result of a strategy to obtain a tactical advantage” (Brown v Aurora Sys., 283 AD2d 956, 957 [2001]; see Goldstein, 74 AD3d 1801; see generally Buran, 87 NY2d at 178). In support of her cross motion and in opposition to defendants’ motion, plaintiff submitted evidence demonstrating that she did not have sufficient knowledge of defendant’s role in prescribing the antibiotic when the alleged medical malpractice occurred or when the action was timely commenced against defendant Joseph F. Kurnath, M.D., approximately 2V2 years later. Rather, the testimony of plaintiff at her first deposition, more than two years after the action was commenced against Dr. Kurnath, establishes that her “knowledge” of defendant’s role was largely the result of leading questions by Dr. Kurnath’s attorney.
Defendant’s further contention that she did not have “notice . . . within the applicable limitations period” is unpreserved for our review (Buran, 87 NY2d at 180) and, in any event, that contention is without merit. We reject the dissent’s conclusion that “the applicable limitations period” must be so narrowly construed that it does not include the 120-day period for service. Indeed, we note that defendant received notice of plaintiffs claim at the same time as Dr. Kurnath, the original defendant.
All concur except Smith, J.P, and Peradotto, J., who dissent *937 and vote to reverse the judgment and order insofar as appealed from in accordance with the following memorandum.