■ JOHN J. PERILLO, as Executor of JOHN A. PERILLO, Deceased, Respondent, v THOMAS I. DILAMARTER, JR., M.D., et al., Defendants, and ERIE COUNTY MEDICAL CENTER CORPORATION, Also Known as ECMC CORPORATION, Appellant. [56 NYS3d 742]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 17, 2016. The order granted the motion of plaintiff for leave to file and serve a

supplemental summons and amended complaint to add Oghenerukevwe Achoja, M.D. as a defendant.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this wrongful death and medical malpractice action against, inter alia, defendant Erie County Medical Center Corporation, also known as ECMC Corporation (ECMC). Plaintiff thereafter moved pursuant to CPLR 3025 (b) for leave to file and serve a supplemental summons and amended complaint adding Dr. Achoja, an employee of ECMC at the relevant time, as a defendant. ECMC opposed that part of the motion with respect to the medical malpractice cause of action, contending that it was time-barred. In reply, plaintiff argued that the relation back doctrine applied, and Supreme Court granted the motion.

We reject ECMC's contention that plaintiff improperly raised the relation back doctrine for the first time in his reply papers. "The [s]tatute of [l]imitations is an affirmative defense that must be pleaded and proved" and is waivable (*Mendez v Steen Trucking*, 254 AD2d 715, 716 [1998]). Therefore, plaintiff had no obligation to raise the relation back doctrine in his initial papers in support of his motion, and properly raised the doctrine in his reply papers in response to ECMC's opposition that the medical malpractice cause of action against Dr. Achoja would be untimely.

We reject ECMC's further contention that the second prong of the relation back doctrine, i.e., unity of interest, is not met. As ECMC's employee, Dr. Achoja was united in interest with ECMC and as such is charged with notice of the action (*see May v Buffalo MRI Partners, L.P.*, 151 AD3d 1657, 1658-1659 [2017]; *Kirk v University OB-GYN Assoc., Inc.*, 104 AD3d 1192, 1193-1194 [2013]). Finally, plaintiff established that the third prong of the relation back doctrine was met inasmuch as he made a mistake in naming in the original action another physician with a similar last name rather than Dr. Achoja, who knew or should have known that, but for the mistake, the action would have been brought against him in the first instance (*see Kirk*, 104 AD3d at 1193-1194). Plaintiff established that Dr. Achoja, who was one of the physicians named in decedent's medical records, could not have reasonably concluded that plaintiff's failure to name him meant that there was no intent to sue him (*see Roseman v Baranowski*, 120 AD3d 482, 484 [2014]). Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.