■ KEITH MAY, Respondent, v BUFFALO MRI PARTNERS, L.P., et al., Defendants, and HARI GOPAL, M.D., Appellant. (Appeal No. 2.) [56 NYS3d 715]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 8, 2016. The order,

inter alia, denied the motion of defendant Hari Gopal, M.D., for summary judgment dismissing the amended complaint against him.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant Buffalo MRI Partners, L.P. (Buffalo MRI) and, after the applicable statute of limitations expired, plaintiff filed an amended complaint adding, inter alia, Hari Gopal, M.D. as a defendant. Dr. Gopal moved pursuant to CPLR 3211 (a) to dismiss the amended complaint against him as time-barred and, by the order in appeal No. 1, Supreme Court (Curran, J.) converted the motion to one for summary judgment. Dr. Gopal then moved for summary judgment seeking dismissal of the amended complaint against him as time-barred and, by the order in appeal No. 2, Supreme Court (Marshall, J.), inter alia, denied the motion. Dr. Gopal has not raised any contentions with respect to the order in appeal No. 1, and we therefore dismiss the appeal therefrom (*see Abasciano v Dandrea*, 83 AD3d 1542, 1545 [2011]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

Contrary to Dr. Gopal's contention in appeal No. 2, the motion for summary judgment was properly denied based on the relation back doctrine (*see Goldstein v Brookwood Bldg. Corp.*, 74 AD3d 1801, 1802 [2010]). "In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff[ ] must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff[ ] as to the identity of the proper parties, the action would have been brought against him as well" (*Nani v Gould*, 39 AD3d 508, 509 [2007]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]).

We reject Dr. Gopal's contention that plaintiff failed to establish the second and third prongs of the test. The second prong, unity of interest, is satisfied " 'when the interest of the parties in the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect the other' " (*Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1150 [2007]). There is unity of interest where " 'the defenses available . . . will be identical, [which occurs] . . .

where one is vicariously liable for the acts of the other' " (*De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 598 [2004]; *see Johanson v County of Erie*, 134 AD3d 1530, 1531 [2015]; *Verizon N.Y., Inc. v LaBarge Bros. Co., Inc.*, 81 AD3d 1294, 1296 [2011]). Dr. Gopal contends that, even if he was an employee of Buffalo MRI, there is no unity of interest because he could not be vicariously liable for the acts of Buffalo MRI. We conclude, however, that plaintiff submitted evidence establishing that Buffalo MRI is vicariously liable for the acts of Dr. Gopal, and "unity of interest does not turn upon whether the actual wrongdoer or the person or entity sought to be charged vicariously was served first" (*Connell v Hayden*, 83 AD2d 30, 48 [1981]; *see Nani*, 39 AD3d at 509-510; *see generally Kirk v University OB-GYN Assoc., Inc.*, 104 AD3d 1192, 1193-1194 [2013]).

With respect to the third prong, the mistake by plaintiff need not be an excusable mistake (*see Buran*, 87 NY2d at 180-181), inasmuch as such a requirement would deemphasize "the 'linchpin' of the relation back doctrine[, i.e.,] notice to the defendant within the applicable limitations period," by shifting the focus away from this primary question (*id.* at 180). The relation back doctrine is not satisfied, however, when a plaintiff "omitted a defendant in order to obtain a tactical advantage in the litigation" (*id.* at 181; *see Nasca v DelMonte*, 111 AD3d 1427, 1429 [2013]). Here, we conclude that the third prong was satisfied because plaintiff established "that [his] failure to include [Dr. Gopal] as a defendant in the original . . . complaint was a mistake and not . . . the result of a strategy to obtain a tactical advantage" (*Nasca*, 111 AD3d at 1429 [internal quotation marks omitted]; *see Goldstein*, 74 AD3d at 1802). Dr. Gopal's contention that plaintiff should have obtained his medical records and ascertained Dr. Gopal's identity sooner is not persuasive considering that plaintiff sought that very information through his discovery demands, which went unanswered by Buffalo MRI for a year, during which time the statute of limitations expired. In any event, even assuming, arguendo, that plaintiff was negligent in not ascertaining Dr. Gopal's identity sooner, we conclude that "there was still a mistake by plaintiff[ ] in failing to identify [Dr. Gopal] as a defendant" (*Kirk*, 104 AD3d at 1194). Plaintiff further established that Dr. Gopal, who did not dispute that he was the Medical Director of Buffalo MRI, should have known that the action would be asserted against him and that he had notice within the applicable limitations period (*see Roseman v Baranowski*, 120 AD3d 482, 484-485 [2014]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.