Stone v City of Buffalo (2020 NY Slip Op 07780)





Stone v City of Buffalo


2020 NY Slip Op 07780


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND NEMOYER, JJ.


986 CA 19-01976

[*1]TREMEL STONE, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO AND RON AMMERMAN, DEFENDANTS-APPELLANTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MAEVE E. HUGGINS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
VINAL & VINAL, P.C., BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 18, 2019. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking leave to amend the complaint to add Wendy Collier as a defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, the City of Buffalo (City) and Ron Ammerman, seeking monetary damages for assault and battery, negligence, and a violation of his civil rights pursuant to 42 USC § 1983. In his complaint, plaintiff alleged that Ammerman, a Buffalo Police Officer, and his partner, Officer Wendy Collier, arrived at a location where plaintiff was lawfully standing outside a store. Plaintiff alleged that he ran away, and Ammerman chased and shot him. In his bill of particulars, plaintiff also alleged that Ammerman planted a gun. Eight years after commencing this action, plaintiff moved, inter alia, for leave to amend the complaint to add Collier as a defendant explaining that, with the recent discovery that was provided, plaintiff realized that Collier was involved in the planting of evidence. Supreme Court granted the motion to that extent, and we now affirm.
It is well settled that leave to amend a pleading " 'shall be freely given,' " provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; see Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]; Bryndle v Safety-Kleen Sys., Inc., 66 AD3d 1396, 1396 [4th Dept 2009]), and the decision to permit an amendment is within the sound discretion of the court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). We conclude that the court did not abuse its discretion in granting that part of the motion seeking leave to amend the complaint. Although the statute of limitations had expired with respect to the proposed claims against Collier, plaintiff established that the relation back doctrine applied. " 'In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff[] must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that [the new defendant] will not be prejudiced in maintaining his [or her] defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff[] as to the identity of the proper parties, the action would have been brought against [the new defendant] as well' " (May v Buffalo MRI Partners, L.P. [appeal No. 2], 151 AD3d 1657, 1658 [4th Dept 2017]).
We reject defendants' contention that the three prongs of that test were not met here. The [*2]claims against defendants and Collier all arise out of the same conduct, transaction, or occurrence, namely the shooting of plaintiff after he fled from the police and his arrest (see Headley v City of New York, 115 AD3d 804, 806 [2d Dept 2014]; Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1018 [2d Dept 2008]). Plaintiff further established that Collier is united in interest with the City by virtue of the City being vicariously liable for the claim of negligence against her in the absence of any allegation that Collier was acting outside of the scope of her employment (see General Municipal Law § 50-j [1]; Krug v City of Buffalo, 34 NY3d 1094, 1095 [2019]; see generally Verizon N.Y., Inc. v LaBarge Bros. Co., Inc., 81 AD3d 1294, 1296 [4th Dept 2011]). Because Collier is united in interest with the City, she is charged with notice of the action such that she will not be prejudiced in maintaining a defense on the merits (see Perillo v DiLamarter, 151 AD3d 1710, 1711 [4th Dept 2017]). Finally, plaintiff established that Collier knew that, but for a mistake by plaintiff in not naming her as a defendant, the action would have been brought against her as well (see Kirk v University OB-GYN Assoc., Inc., 104 AD3d 1192, 1193-1194 [4th Dept 2013]). Plaintiff's failure to name Collier as a defendant in the original complaint " 'was a mistake and not . . . the result of a strategy to obtain a tactical advantage' " (May, 151 AD3d at 1659).
We have considered defendants' remaining contentions and conclude that they are without merit.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court