Landco H & L, Inc. v 377 Main Realty, Inc. (2022 NY Slip Op 01695)





Landco H & L, Inc. v 377 Main Realty, Inc.


2022 NY Slip Op 01695


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


954 CA 20-01269

[*1]LANDCO H & L, INC., PLAINTIFF-RESPONDENT,
v
377 MAIN REALTY, INC., DEFENDANT-APPELLANT, LI LI, AN INDIVIDUAL, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, SARATOGA SPRINGS (PHILLIP A. OSWALD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (RICHARD A. GRIMM, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered September 1, 2020. The order granted plaintiff a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff was the owner of property located at 377 Main Street in Buffalo, New York (property). In January 2020, a deed for the property was executed by defendant Li Li, the former sole shareholder of plaintiff, who held herself out as plaintiff's president, conveying the property to defendant 377 Main Realty, Inc. (Main Realty). Defendant Elena Fu is the president of Main Realty. One month later, plaintiff commenced this action alleging, inter alia, fraud on the ground that Li conveyed the property to Main Realty without the authority to do so. In appeal No. 1, Main Realty appeals from an order that granted plaintiff's motion by order to show cause seeking, among other things, a preliminary injunction precluding Main Realty from, inter alia, conveying or encumbering the property pending final resolution of the matter. In appeal No. 2, Main Realty and Fu appeal from an order that, among other things, granted plaintiff's motion for leave to file and serve a supplemental summons and amended complaint to, inter alia, add Fu as a defendant and assert a cause of action for conspiracy to commit conversion against her.
In appeal No. 1, we reject Main Realty's contention that Supreme Court abused its discretion in granting that part of plaintiff's motion by order to show cause seeking a preliminary injunction. A preliminary injunction requires a demonstration of "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (Doe v Axelrod, 73 NY2d 748, 750 [1988]). Here, Main Realty does not dispute that plaintiff met its burden with respect to the first and third factors, but contends that plaintiff failed to meet its burden with respect to the second factor inasmuch as the notice of pendency filed by plaintiff eliminates the threat of irreparable injury. Contrary to Main Realty's contention, the mere existence of a notice of pendency does not preclude a party from establishing the prospect of irreparable injury in the absence of a preliminary injunction (see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1110-1111 [2d Dept 2017]; Maestro W. Chelsea SPE LLC v Pradera Realty Inc., 38 Misc 3d 522, 535-536 [Sup Ct, NY County 2012]). Moreover, plaintiff established that it has spent time and money in remediation and renovation work for its intended commercial use of the property, and it seeks in this action a declaration cancelling the allegedly fraudulent conveyance and restoring title to the property to it to, inter alia, prevent alteration of the property by Main Realty that is inconsistent with plaintiff's intended use. Under the circumstances of this case, we conclude that plaintiff established that it will be irreparably injured if, in the absence of a preliminary injunction, Main Realty transfers or otherwise alters the property (see generally [*2]Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 625 [2d Dept 2011]; Gambar Enters. v Kelly Servs., 69 AD2d 297, 306 [4th Dept 1979]).
In appeal No. 2, we conclude that it was an abuse of discretion for the court to grant those parts of plaintiff's motion seeking leave to file and serve a supplemental summons and amended complaint to add Fu as a defendant and to assert a cause of action for conspiracy to commit conversion against her, and we therefore modify the order accordingly. "It is well settled that leave to amend a pleading shall be freely given, provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit . . . , and the decision to permit an amendment is within the sound discretion of the court" (Stone v City of Buffalo, 189 AD3d 2124, 2125 [4th Dept 2020] [internal quotation marks omitted]). Initially, plaintiff clarified in the amended complaint that the first cause of action, which is asserted against all defendants and seeks to set aside the deed and mortgage, was brought under RPAPL article 15. Pursuant to RPAPL article 15, an action may be maintained against any "person [who] . . . may have an . . . interest in the real property which may in any manner be affected by the judgment" (RPAPL 1511 [2]). Here, plaintiff failed to allege in the amended complaint any interest that Fu may have in the property and, thus, she is not a proper party to that cause of action (see generally Ellison Hgts. Homeowners Assn., Inc. v Ellison Hgts. LLC, 112 AD3d 1302, 1305 [4th Dept 2013]). Furthermore, New York does not recognize civil conspiracy to commit a tort, such as fraud or conversion, as an independent cause of action (see Matter of Hoge [Select Fabricators, Inc.], 96 AD3d 1398, 1400 [4th Dept 2012]; Scott v Fields, 85 AD3d 756, 757 [2d Dept 2011]; Salvatore v Kumar, 45 AD3d 560, 563 [2d Dept 2007], lv denied 10 NY3d 703 [2008]). Therefore, the proposed amendments with respect to Fu are patently devoid of merit.
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court