Norman K. v Posner (2022 NY Slip Op 04499)

Norman K. v Posner

2022 NY Slip Op 04499

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

522 CA 21-00717

[*1]NORMAN K., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DANIELLE L.K., DECEASED, AND AS PARENT AND NATURAL GUARDIAN OF DEVYN K., BRIANE M. AND TYLER A.M., PLAINTIFF-RESPONDENT,
v
ALAN POSNER, M.D., MARY BROWN, N.P., ET AL., DEFENDANTS, AND LYNNE ROSS, M.D., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

EAGAN & HEIMER PLLC, BUFFALO (LAUREN HEIMER OF COUNSEL), FOR DEFENDANT-APPELLANT.
VINAL & VINAL, P.C., BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 30, 2021. The order denied the motion of defendant Lynne Ross, M.D. to dismiss the amended complaint and any cross claims against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action against, among others, defendants Alan Posner, M.D. and Mary Brown, N.P. and, after the applicable statute of limitations period had expired, plaintiff filed an amended complaint adding Lynne Ross, M.D. as a defendant. Ross moved pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint and any cross claims against her as time-barred and, in appeal No. 1, Ross appeals from an order that denied the motion. In appeal No. 2, Ross appeals from an order that granted plaintiff's motion to settle the order in appeal No. 1.
Initially, inasmuch as Ross has not raised any contentions with respect to the order in appeal No. 2, that appeal must be dismissed as abandoned (see Golf Glen Plaza Niles, Il. L.P. v Amcoid USA, LLC, 160 AD3d 1375, 1376 [4th Dept 2018]; Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]).
Contrary to Ross's contention in appeal No. 1, the motion to dismiss was properly denied based on the relation back doctrine (see May v Buffalo MRI Partners, L.P. [appeal No. 2], 151 AD3d 1657, 1658 [4th Dept 2017]). " 'In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff[] must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff[] as to the identity of the proper parties, the action would have been brought against him [or her] as well' " (id.; see Buran v Coupal, 87 NY2d 173, 178 [1995]; Nani v Gould, 39 AD3d 508, 509 [2d Dept 2007]).
We reject Ross's contention that plaintiff failed to establish the second and third prongs of the test. The second prong, unity of interest, is satisfied " 'when the interest of the parties in [*2]the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect judgment against the other' " (Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1150 [3d Dept 2007]). "There is unity of interest where the defenses available . . . will be identical, [which occurs] . . . where one is vicariously liable for the acts of the other" (May, 151 AD3d at 1658-1659 [internal quotation marks omitted]). Contrary to Ross's contention, the record establishes that she was united in interest with Brown inasmuch as Ross was Brown's employer during the relevant time period (see id.; Perillo v DiLamarter, 151 AD3d 1710, 1711 [4th Dept 2017]; see generally Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885 [2d Dept 2020], lv denied 36 NY3d 901 [2020]).
With respect to the third prong, "the mistake by plaintiff need not be an excusable mistake" (May, 151 AD3d at 1659; see Buran, 87 NY2d at 180-181). Here, we conclude that the third prong was satisfied because plaintiff established that the "failure to include [Ross] as a defendant in the original . . . complaint was a mistake and not . . . the result of a strategy to obtain a tactical advantage" (Nasca v DelMonte, 111 AD3d 1427, 1429 [4th Dept 2013] [internal quotation marks omitted]). Even assuming, arguendo, that plaintiff was negligent in not ascertaining Ross's potential liability sooner, we conclude that "there was still a mistake by plaintiff[] in failing to identify [Ross] as a defendant" (Kirk v University OB-GYN Assoc., Inc., 104 AD3d 1192, 1194 [4th Dept 2013]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court