OPINION OF THE COURT
Chief Judge Cooke.
In addition to providing relief for work-related injuries, the Workers’ Compensation Law also regulates the *415 processing of claims. Injuries allegedly occurring as a result of an employer’s delay in authorizing surgery are subject to the exclusive remedies provided in that legislative plan. To the extent that an insurance carrier is merely acting in the employer’s stead in processing claims, it, too, may assert the exclusivity of the statutory remedies in defense to a negligence action asserted by an injured worker.
Plaintiff Bernice Burlew was injured on July 30, 1979, when she inhaled fumes at her workplace with Voplex Corporation.* She began receiving workers’ compensation benefits from defendant, the employer’s insurance carrier. Sometime before the end of 1979, plaintiff’s physician determined that surgery was necessary to correct a condition that was causally related to her industrial illness. The doctor sought an authorization from defendant, but four or five months passed before defendant granted the request in the spring of 1980.
In January 1983, this suit was commenced to recover compensatory and punitive damages on two theories. The first cause of action posited that defendant was negligent in that it breached a special duty owed to plaintiff to use reasonable care in timely deciding requests for authorizations. Plaintiff’s second cause of action described defendant’s conduct as “wilful, malicious, wanton and otherwise grossly negligent” so as to constitute an act of bad faith. When defendant moved to dismiss the complaint for failure to state a cause of action, plaintiff supplemented her pleadings with an affidavit. To indicate defendant’s bad faith, plaintiff adverted to two matters: once, one of defendant’s agents came to her home while she was awaiting the authorization and, in the course of the interview, yelled “in words or substance: ‘You’re crazy if you think we’re going to support you for the rest of your life’”; on another occasion, defendant procured an affidavit from an individual in Voplex Corporation’s personnel department that purported to give an expert opinion that plaintiff’s condition was due to a pre-existing injury.
*416 Special Term granted the motion to dismiss only as to the first cause of action. The Appellate Division modified by dismissing the remainder of the complaint. For the reasons that follow, this court agrees that plaintiff has failed to state any cause of action.
Analysis starts with the fundamental observation that workers’ compensation is intended to be the exclusive remedy for work-related injuries (Workers’ Compensation Law, § 11). Consequently, when a defense based on the exclusivity of the statutory remedy is interposed, no suit against an employer may be maintained for an accidental injury that may be fairly described as “arising out of and in the course of the employment” (Workers’ Compensation Law, § 10; see Shine v Duncan Petroleum Transp., 60 NY2d 22; Murray v City of New York, 43 NY2d 400; O’Rourke v Long, 41 NY2d 219).
The legislative scheme for workers’ compensation benefits is far-reaching. It concerns itself not only with the simple fact of a work-related injury, but it provides a thorough system of regulation, administration, and, where the Legislature has deemed them appropriate, sanctions (see, e.g., Workers’ Compensation Law, §§ 25, 52,120,220). Consequently, all employer conduct that is regulated by the Workers’ Compensation Law is subject to the protection of that law’s exclusivity; if the employer violates any provision of the code, an employee’s remedies cannot exceed those granted in the statutes.
Subdivision (5) of section 13-a of the Workers’ Compensation Law prohibits an employee from enforcing a claim for a surgical operation “unless [it] shall have been authorized by the employer or by the board, or unless such authorization shall have been unreasonably withheld”. The Workers’ Compensation Board has directed that the employee “request and secure authorization from the employer or insurance carrier or the chairman” (12 NYCRR 325-1.4 [a] [1]). By referring to the insurance carrier, the agency’s regulation apparently goes beyond the scope of subdivision (5) of section 13-a. This must be accepted as proper under the circumstances, for it merely reflects the reality that it is the insurance company that processes such claims. Nothing prohibits the employer from appoint *417 ing an agent to process compensation claims, and, indeed, the law makes employer and insurer virtually indistinguishable for that purpose (see Workers’ Compensation Law, § 54).
The regulations also provide a method for an employee to obtain an authorization when the employer or carrier is dilatory. A response to the employee’s request is required within four working days if the employee is hospitalized and within 21 calendar days if he or she is not hospitalized (12 NYCRR 325-1.4 [a] [7]). If none is given, the chairman may investigate and grant the authorization upon the ground that it was unreasonably withheld (id.).
Thus, plaintiff here was not required to wait a number of months for authorization. Her recourse, after three weeks had passed, was to place her request before the Board for its approval. The statutes do not provide that a separate lawsuit may be instituted to recover damages for the emotional distress triggered by an employer’s delay. Insofar as the insurer is simply acting for the employer, it, too, is protected by the exclusivity of the statutory remedy.
Although this resolves the question as to the invalidity of plaintiff’s first cause of action for negligence, the second presents an additional complicating factor in its assertion that defendant intentionally wronged plaintiff by acting in bad faith. Intentional injuries are not covered by the Workers’ Compensation Law, and an employee may bring a tort action for such wrongs against the offending employer or insurer (see Jones v State of New York, 33 NY2d 275; see, also, Werner v State of New York, 53 NY2d 346; Workers’ Compensation Law, § 2, subd 7; 2A Larson, Workmen’s Compensation Law, § 68.00 et seq.).
Accepting that plaintiff is not barred from bringing an action for intentional infliction of mental distress, her complaint, even when supplemented by her affidavit, does not describe any conduct remotely approaching the standard of behavior necessary to establish such a claim. Neither the agent’s statement that plaintiff could not expect to be supported by the insurer forever nor the carrier’s attempt to disprove plaintiff’s claim was so extreme and outrageous as to exceed all bounds of decency or to be utterly intolerable in civilized society (see Fischer v Malo *418 ney, 43 NY2d 553, 557; see, also, 2A Larson, op. cit., § 68.34 [c]). Moreover, inasmuch as this conduct cannot even be said to amount to “bad faith,” it is unnecessary to decide whether plaintiff may recover as a third-party beneficiary of the insurance contract. Consequently, the second cause of action must also be dismissed.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs.

 The other plaintiff is Bernice Burlew’s husband, who alleges a cause of action derivative of his wife’s claim. For ease of reference, the term “plaintiff” will be used to refer to Mrs. Burlew alone.