■ WILLIAM C. KIRKUP, Respondent, v AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INC., et al., Appellants.—In an action, *inter alia*, to recover damages for breach of an employer's insurance contract and for intentional infliction of emotional harm, the defendants appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 15, 1989, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In February 1984 the plaintiff, a bricklayer, fell from a scaffold during the course of his employment and sustained a serious back injury. The plaintiff commenced this action against his employer's workers' compensation insurance carrier and certain of its employees. It was alleged, *inter alia*, that the defendants improperly denied workers' compensation benefits to the plaintiff, deprived him of necessary medical treatment, and refused to honor his claims for medical services. The plaintiff also alleged that that conduct constituted a breach of the defendants' obligation of good faith and fair dealing.

The defendants moved for summary judgment dismissing the complaint, contending that the complaint failed to state a cause of action and that the plaintiff's sole remedy was under the Workers' Compensation Law. The Supreme Court denied the defendants' motion to dismiss the complaint. We disagree and reverse.

It is well settled that the Workers' Compensation Law is intended to be the exclusive remedy for work-related injury (Workers' Compensation Law § 11). A thorough system of regulation, administration and appropriate sanctions has been established (see, Burlew v American Mut. Ins. Co., 63 NY2d 412). Sanctions may be imposed under the statutory scheme based upon a carrier's failure either to pay required medical bills or to pay compensation benefits (see, Workers' Compensation Law §§ 13-g, 25).

A review of the record shows that the plaintiff, through the administrative process of the Workers' Compensation Board, sought and obtained the imposition of sanctions against the defendants for its late payments of benefits. He also received authorization for the necessary care and treatment which his condition required. The plaintiff's contentions of late payments and denial of approvals for medical treatment are clearly subject to the method of redress set forth in the Workers' Compensation Law. Consequently, the plaintiff's relief is exclusively limited to these remedies.

While intentional injuries are not covered by the Workers' Compensation Law, we find that the plaintiff failed to state a cause of action for intentional infliction of emotional harm. The complaint, even when supplemented by the plaintiff's affidavit, did not demonstrate that the carrier's conduct even remotely approached the standard of behavior necessary to make out such a cause of action (see, Burlew v American Mut. Ins. Co., supra, at 417-418). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.