■ MICHELE M. WILLIAMS, Respondent, v JOHN J. MAJEWSKI, Defendant, and FORD MOTOR CREDIT COMPANY, INC., et al., Appellants. [737 NYS2d 463] —Appeal from an order of Supreme Court, Erie County (Cosgrove, J.), entered January 11, 2001, which, inter alia, denied the motion of defendant Ford Motor Credit Company, Inc. to dismiss the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Ford Motor Credit Company, Inc. and dismissing the amended complaint against it and by denying plaintiff's cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying the motion of defendant Ford Motor Credit Company, Inc. (Ford Motor) seeking dismissal of the amended complaint against it and in granting that part of the cross motion of plaintiff seeking leave to add Ford Credit Titling Trust (Ford Titling) as a defendant. Plaintiff was injured when the vehicle that she was driving collided with a vehicle driven by defendant John J. Majewski and leased to Majewski by Ford Motor and Ford Titling. Plaintiff concedes that the action is untimely against both Ford Motor and Ford Titling but contends that the relation back doctrine of CPLR 203 applies with respect to them because she timely commenced the action against Majewski. We disagree.

In order to establish the applicability of the relation back doctrine, a plaintiff must establish that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Moller v Taliuaga*, 255 AD2d 563, 564, citing *Buran v Coupal*, 87 NY2d 173; *see, Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703). "[T]he 'linchpin' of the relation back doctrine [is] notice to the defendant within the applicable limitations period" (*Buran v Coupal, supra* at 180; *see, Yaniv v Taub*, 256 AD2d 273, 275; *Piccinich v Forest City Tech Place Assoc.*, 234 AD2d 528, 530).

Here, plaintiff failed to meet her burden of establishing that Ford Motor and Ford Titling knew or should have known that, but for a mistake, they would have been named in the action. Although Ford Titling and its agent, Ford Motor, were the owners of the vehicle driven by Majewski (*see, Taughrin v Rodriguez*, 254 AD2d 735), Majewski did not inform them of the accident that occurred on May 2, 1997, or the criminal charges filed against him as a result of the accident. Majewski surrendered the vehicle to Ford Motor and Ford Titling in September 1997 when he defaulted on lease payments and the vehicle was then sold. The obligations of Majewski under the lease were extinguished in 1998 as the result of a bankruptcy petition filed on his behalf, and Ford Motor and Ford Titling had no further contact with him. The action against Majewski was not commenced until April 3, 2000, and Majewski did not notify Ford Motor and Ford Titling of the action until May 30,

2000. The limitations period expired on or before May 3, 2000 (*see,* CPLR 214 [5]). Thus, Ford Motor and Ford Titling had no actual notice of the claims within the limitations period and could not have known that, but for a mistake, the action would have been asserted against them. We therefore modify the order by granting the motion of Ford Motor and dismissing the amended complaint against it and by denying plaintiff's cross motion in its entirety.

Based on our determination, we need not address the remaining contentions of Ford Motor and Ford Titling. Present—Pine, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.