■ ROBERT COLE et al., as Administrators of the Estate of SCOTT COLE, Deceased, Respondents, v TAT-SUM LEE, M.D., et al., Defendants, and JOHN FITZGERALD, M.D., Appellant. [765 NYS2d 89] —Appeal from those parts of an order of Supreme Court, Chautauqua County (Gerace, J.), entered June 6, 2002, that denied that part of the motion of defendant John Fitzgerald, M.D. seeking dismissal of the wrongful death cause of action against him and granted plaintiffs' cross motion for leave to "correct and amend" the summons and complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted in its entirety and the complaint and amended complaint against defendant John Fitzgerald, M.D. are dismissed.

Memorandum: We agree with John Fitzgerald, M.D. (defendant) that Supreme Court erred in denying that part of his motion seeking dismissal of the wrongful death cause of action against him. Upon plaintiffs' consent, the court granted that part of the motion of defendant seeking dismissal of the medical malpractice cause of action against him as time-barred, and we conclude that the wrongful death cause of action against him is time-barred as well.

Plaintiffs' decedent died on July 1, 1999. A summons and complaint were filed on June 6, 2001 alleging the two causes of action against several defendants, including James Fitzgerald, M.D. and his professional corporation, Lakeshore Orthopedic Group, P.C. Defendant was not named. No defendants were served until after the court granted plaintiffs' ex parte motion for an extension of time for service. Service was made on most of the original defendants on October 16, 2001. After plaintiffs learned that Dr. James Fitzgerald had not treated decedent, they served defendant with a copy of the original summons on which "James" and the accompanying address were crossed out and the words "John" and "John Fitzgerald" along with defendant's address were handwritten in place of "James" and the prior address. The complaint served with the altered summons was the original complaint, still alleging acts by James.

Defendant moved to dismiss the complaint against him, alleging among other things that the court had not obtained

personal jurisdiction over him because he had never been properly served with a summons and complaint and the order granting the extension of time for service did not name him as a defendant. He argued that the name "James" was not a mere misnomer for him but that plaintiffs were attempting to add him as a new party. He contended that the failure to obtain jurisdiction over him was fatal and could not be corrected because the statute of limitations for each cause of action had expired.

Plaintiffs cross-moved for leave to "correct and amend" their summons and complaint to substitute John for James. Alternatively, plaintiffs sought leave "to file and serve a Supplemental Summons and Amended Complaint." In their view, a supplemental summons would confer jurisdiction because defendant was united in interest with defendant Brooks Memorial Hospital (Hospital), which had been properly served within the extension of time for service granted by the court.

In response, defendant submitted an affidavit asserting among other things that at no time before he was served on December 10, 2001 was he aware that plaintiffs were attempting to commence an action against him.

The court erred in denying that part of defendant's motion with respect to the wrongful death cause of action and in granting plaintiffs' cross motion for leave "to amend the summons and complaint." By granting leave to amend the summons and complaint and directing the filing and serving of the amended summons and complaint, the court implicitly denied plaintiffs' alternative request for leave to file and serve a supplemental summons and amended complaint upon defendant. The court recognized that the summons was not a proper supplemental summons and had not been properly amended, but nevertheless determined that "it was sufficient to put [defendant] on notice of the action" and thus that the "misnomer" did not cause him any prejudice. We disagree with the court that the error in the original papers was a mere misnomer. Dr. James Fitzgerald is an orthopedist and both Dr. James Fitzgerald and his professional corporation were named in the original summons and complaint and were served with the original summons and complaint. There is no indication that plaintiffs meant to commence an action against a different Dr. Fitzgerald. Plaintiffs concede that only after serving Dr. James Fitzgerald did they learn that it was defendant who provided care and treatment to decedent. Therefore, " '[t]his is not a case where a party is misnamed * * *; rather it is a case where the plaintiff[s] seek[ ] to add or substitute a party defendant' " after the statute of limitations has expired (*Jordan v Lehigh Constr. Group*, 259

AD2d 962, 962 [1999]; *see Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 947 [2002], *lv dismissed in part and denied in part* 100 NY2d 548 [2003]).

Plaintiffs contend in the alternative that they should be granted leave to file and serve a supplemental summons adding defendant as a party under the theory that service on defendant would relate back to service on the Hospital. We conclude that the third prong of the three-prong test to determine the applicability of the relation back doctrine is not met. Pursuant to that test, a plaintiff must show that " '(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well' " (*Williams v Majewski*, 291 AD2d 816, 817 [2002]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]). "[T]he 'linchpin' of the relation back doctrine [is] notice to the defendant within the applicable limitations period" (*Buran,* 87 NY2d at 180).

In this case, the first prong is met because the acts giving rise to the causes of action against the Hospital are the acts of the physicians who treated decedent (*see Schiavone v Victory Mem. Hosp.*, 292 AD2d 365, 366 [2002]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 704 [1999]). The second prong is met because, even though defendant was not employed by the Hospital, emergency room physicians such as defendant who are independent contractors working in a hospital are united in interest with the hospital (*see e.g. Schiavone,* 292 AD2d at 366; *Austin,* 264 AD2d at 704). With respect to the third prong, however, plaintiffs were required to show that defendant knew or should have known within the limitations period that, but for a mistake by plaintiffs concerning the identity of the proper party, the action would have been brought against him. The death occurred on July 1, 1999. The limitations period for a wrongful death cause of action, two years from the date of death (EPTL 5-4.1 [1]), expired on June 30, 2001, about three weeks after the summons and complaint were filed. Because no one was served until October 16, 2001, there is no basis to

conclude that defendant had any idea that a lawsuit was pending, much less that he would be among the named defendants, by June 30, 2001. The assertion of defendant that he first became aware of the lawsuit when he was "served" with the improperly altered summons and original complaint on December 10, 2001 is not controverted.

We therefore reverse the order insofar as appealed from, deny plaintiffs' cross motion, grant the motion of defendant in its entirety, and dismiss the complaint and amended complaint against him. Based on our determination, we see no need to address defendant's remaining contention. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.