OPINION OF THE COURT
Scott Fairgrieve, J.
Third-party defendant’s motion to dismiss the third-party plaintiffs complaint is denied for reasons set forth herein.
On July 1, 2002 defendant and third-party plaintiff, Anne Coyle, injured her right arm while in the course of employment with the third-party defendant, SCO Family of Services. She *1053 was taken to North Shore University Hospital at Manhasset where she was treated and her claim processed as a workers’ compensation injury.
However, it appears that the employer and third-party defendant refused to pay $1,036 for the emergency room medical expenses. Plaintiff then brought suit against defendant and third-party plaintiff to recover the unpaid medical bills. In response, defendant filed a third-party action against her employer, the third-party defendant. Third-party defendant has now filed this motion to dismiss the third-party complaint, citing the exclusivity provision of the Workers’ Compensation Law.
The third-party defendants contend that the case brought against them should be dismissed pursuant to Botwinick v Ogden (59 NY2d 909 [1983]) which affirmed the exclusivity provision of the Workers’ Compensation Board (WCB) prohibiting suing an employer for on-the-job injuries. However, in this case, third-party plaintiff was not able to file a claim with the WCB because the third-party defendant did not process the claim. Third-party defendant currently has exclusive possession of records of the report of injury, which are necessary for filing a complaint with the WCB, as stated in Coyle’s affidavit. Notably, the employer does not deny this allegation.
The third-party defendant also cites Burlew v American Mut. Ins. Co. (63 NY2d 412 [1984]) as precedent for grounds of dismissal. However, these cases are distinguishable because, in the instant case, third-party plaintiff is seeking medical coverage, not damages. In Burlew, plaintiff sued for damages stemming from the illness he suffered due to negligence on the part of the defendant. In Burlew, the plaintiff sought damages for personal injury while the instant case seeks coverage for medical services.
In addition, the court finds that Calhoun v Big Apple Wrecking Corp. (162 AD2d 574 [2d Dept 1990]) is not applicable to this case because the third-party plaintiff has not been compensated by the WCB. The third-party plaintiff has not been able to file a claim with the WCB since the records of her injury are in exclusive possession of third-party defendant.
The court finds no valid grounds in the third-party defendant’s motion to dismiss the complaint of the third-party plaintiff.