KAREN LOSTRACCO, as Administratrix of the Estate of PATRICIA ANNE PENQUE, Deceased, Appellant, v MT. SAINT MARY'S HOSPITAL OF NIAGARA FALLS, Defendant, and YOUNG T. ZHOU, M.D., Respondent. [833 NYS2d 793]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered April 27, 2006 in a medical malpractice and wrongful death action. The order denied plaintiff's motion for leave to amend the summons and complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and wrongful death action and thereafter sought leave to amend the summons and complaint to add Eastern Great Lakes Pathology, P.C. (Great Lakes) as a defendant. In support of her motion, plaintiff asserted that the proposed amended complaint against Great Lakes relates back to the action commenced against defendant Young T. Zhou, M.D. Supreme Court properly denied plaintiff's motion. Where, as here, the statute of limitations has expired, "the three-prong test to determine the applicability of the relation back doctrine" must be applied, and we conclude that the third prong of that test is not met (*Cole v Tat-Sum Lee*, 309 AD2d 1165, 1167 [2003]). Pursuant to the third prong, plaintiff must establish that "the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*id.* [internal quotation marks omitted]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Williams v Majewski*, 291 AD2d 816, 817 [2002]). It is well established that "the 'linchpin' of the relation back doctrine [is] notice to the [proposed] defendant within the applicable limitations period" (*Cole*, 309 AD2d at 1167). Here, plaintiff failed to present evidence establishing that Great Lakes knew or should have known that the action would have been brought against it within the limitations period but for a mistake by plaintiff concerning its identity. Indeed, plaintiff failed to present any evidence establishing that Great Lakes had notice that an action had been commenced against either named defendant. We reject plaintiff's contention that notice of the action should be imputed to Great Lakes based solely on the fact that Dr. Zhou was an

employee of Great Lakes (*cf. Yaniv v Taub*, 256 AD2d 273, 275 [1998]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.