Smith, J.E, and Peradotto, J. (dissenting in part).
We agree with the majority that the appeal by Henry Wengender should be dismissed. We conclude, however, that the first amended complaint against Lynn Wengender (defendant) should be dismissed as time-barred because the relation back doctrine does not apply under the circumstances of this case, and we therefore respectfully dissent in part. It is undisputed that the action was not commenced against defendant until after the expiration of the 21/2-year statute of limitations applicable to medical malpractice actions (see CPLR 214-a). Thus, the claims against her must be dismissed unless they relate back to the claims asserted in the timely filed complaint against defendant Joseph F. Kurnath, M.D. It is well settled that “the three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another are that: (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well” (Buran v Coupal, 87 NY2d 173, 178 [1995] [internal quotation marks omitted]). After a defendant demonstrates that the statute of limitations has expired, the plaintiff bears the burden of establishing that the relation back doctrine applies (see Austin v Interfaith Med. Ctr., 264 AD2d 702, 703 [1999]). We agree with the majority that plaintiff met her burden with respect to the first two prongs of the Buran test, but we conclude that she failed to meet her burden with respect to the third prong.
In support of defendants’ motion seeking, inter alia, summary judgment dismissing the first amended complaint against defendant as time-barred, defendants submitted the deposition testimony of plaintiff regarding her telephone conversation with defendant prior to the time when defendant prescribed plaintiff the medication at issue. Defendants also submitted the deposition testimony of plaintiff that she read defendant’s name on the prescription bottle containing that medication. Defendants thereby demonstrated that plaintiff was aware from the outset that defendant was involved in her treatment. “Thus, the failure to include [defendant] ... in the timely commenced origi *938 nal suit was not the result of a mistake as to the identity of the correct defendant, and [defendant] had no reason to think that [she] would have been named in the related action but for a mistake as to [her] identity” (Nani v Gould, 39 AD3d 508, 510 [2007] ; see also Cardamone v Ricotta, 47 AD3d 659, 660-661 [2008] ). In addition, because plaintiff was “fully aware of the existence of [defendant] . . . , [her] failure to join [defendant] was a mistake of law, which is not the type of mistake contemplated by the relation[ ]back doctrine” (Doe v HMO-CNY, 14 AD3d 102, 106 [2004] [internal quotation marks omitted]; see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155, 165 [2002]).
Furthermore, “[i]t is well established that the linchpin of the relation back doctrine [is] notice to the [proposed] defendant within the applicable limitations period” (Lostracco v Mt. St. Mary's Hosp. of Niagara Falls, 38 AD3d 1312, 1312 [2007] [internal quotation marks omitted]; see Buran, 87 NY2d at 180; Cole v Tat-Sum Lee, 309 AD2d 1165, 1167 [2003]). Here, the original complaint was not served upon Dr. Kurnath until after the expiration of the statute of limitations. “Because no one was served until [after the statute of limitations expired], there is no basis to conclude that defendant had any idea that a lawsuit was pending, much less that [she] would be among the named defendants,” within the applicable limitations period (Cole, 309 AD2d at 1167-1168).
Inasmuch as plaintiff failed to meet her burden with respect to the third prong of the Buran test, we would reverse the judgment and order insofar as appealed from, grant that part of defendants’ motion seeking summary judgment dismissing the first amended complaint against defendant, deny that part of plaintiff’s cross motion seeking to dismiss the fifth affirmative defense as asserted by defendant and dismiss the first amended complaint against her. Present — Smith, J.P., Peradotto, Garni, Sconiers and Martoche, JJ.