Johnson v Hartford Ins. Co. (2020 NY Slip Op 51508(U))

[*1]

Johnson v Hartford Ins. Co.

2020 NY Slip Op 51508(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-682 K C

Hubert I. Johnson, Appellant,
against
The Hartford Insurance Company, Respondent.

Hubert I. Johnson, appellant pro se.
Law Offices of Tobias & Kuhn (Michael V. Dimartini of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered September 28, 2017. The order, insofar as appealed from, upon, in
effect, renewal of plaintiff's opposition to defendant's motion to dismiss the complaint, which
prior motion had been granted by order of that court dated June 7, 2017 (Mary V. Rosado, J.),
and after a hearing, adhered to the prior determination dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $24,492.48 from defendant, the
workers' compensation insurance carrier for plaintiff's former employer, based on defendant's
alleged breach of a July 28, 2010 agreement to pay specific workers' compensation benefits to
plaintiff. Of two earlier actions that plaintiff had brought against the same defendant, for
defendant's alleged breach of the same July 28, 2010 agreement and its allegedly wrongful
retention of benefits, the first was discontinued with prejudice and the second was dismissed (see Johnson v Hartford Ins. Co., 60
Misc 3d 139[A], 2018 NY Slip Op 51133[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]). In the current action, plaintiff claims that defendant's entitlement to retain a portion
of his workers' compensation benefits expired on May 10, 2015, and that he is entitled to recover
the benefits defendant retained from his weekly partial disability payments after that date.
Defendant made a pre-answer motion to dismiss the complaint, which motion plaintiff opposed.
By order entered June 7, 2017, the Civil Court (Mary V. Rosado, J.) [*2]granted defendant's motion. Plaintiff moved, in effect, for leave to
renew its opposition to defendant's motion. The Civil Court (Robin Kelly Sheares, J.), in effect,
granted renewal and, following a hearing, by order entered September 28, 2017, adhered to the
prior determination dismissing the complaint.
Workers' Compensation Law § 23, together with the rules for administrative review that
have been promulgated pursuant thereto (see 12 NYCRR 300.13), provides the exclusive
methodology for determining and seeking review of workers' compensation benefits. That
framework makes an award of the Workers' Compensation Board (WCB) "final and conclusive
upon all questions within its jurisdiction . . . between the parties, unless reversed or modified on
appeal therefrom," either by the WCB or by the Appellate Division, Third Department
(see Workers' Compensation Law § 23). Furthermore, the WCB retains continuing
jurisdiction over cases that have been brought before it (Workers' Compensation Law §
123), and, upon its own motion or upon the application of any party in interest, may modify its
prior decision or order (see Workers' Compensation Law § 223). There is no legal
basis for a plenary common-law action such as plaintiff's present lawsuit, which alleges that
defendant failed to comply with the WCB award and wrongfully retained a portion of his
workers' compensation payments (see also Workers' Compensation Law § 26;
Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers'
Compensation Law § 26); rather, plaintiff was required to seek redress before the WCB and
was limited to the remedies set forth in the Workers' Compensation Law and the companion
regulations (see Burlew v American Mut. Ins. Co., 63 NY2d 412, 416 [1984],
affg 99 AD2d 11, 14 [1984]; see also Kirkup v American Intl. Adj. Co., 160
AD2d 676, 677 [1990]; Williams v New
York State Workers' Compensation Bd., 60 Misc 3d 1203[A], 2018 NY Slip Op
50921[U] [Sup Ct, NY County 2018]; Bob v Scibal Assocs., 2014 WL 4229954, *2 [SD
NY 2014]). Since the Civil Court lacked subject matter jurisdiction over plaintiff's cause of
action, it was proper for the court, in effect upon renewal, to adhere to the prior determination
dismissing the complaint.
We reach no other issue; nor do we consider any materials which are dehors the record.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020