Morales v Arrowood Indem. Co. (2022 NY Slip Op 01697)





Morales v Arrowood Indem. Co.


2022 NY Slip Op 01697


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


967 CA 21-00259

[*1]ANNE E.. MORALES, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH MORALES, DECEASED, PLAINTIFF-RESPONDENT, V
v
ARROWOOD INDEMNITY COMPANY, DAWN CHRISLER, MELISSA PIRAINO, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






COUGHLIN MIDLIGE & GARLAND LLP, NEW YORK CITY (GABRIEL E. DARWICK OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CONNORS, LLP, BUFFALO (ANDREW DEBBINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 20, 2021. The order denied in part defendants' motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting those parts of the motion seeking to dismiss the complaint in its entirety against defendants Dawn Chrisler and Melissa Piraino, seeking to dismiss the 1st through 10th and 14th causes of action against defendant Arrowood Indemnity Company, seeking to dismiss the 11th and 12th causes of action against defendant Arrowood Indemnity Company insofar as those causes of action assert claims that accrued prior to February 20, 2017, and seeking to dismiss the 13th cause of action against defendant Arrowood Indemnity Company except insofar as it is based on the surviving portions of the 11th and 12th causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action asserting causes of action arising from defendants' conduct in denying or delaying approval of workers' compensation benefits and payment of claims submitted by or on behalf of plaintiff's late husband, Joseph Morales (decedent). Decedent submitted workers' compensation claims after he was injured on two separate occasions during his employment with nonparty Strategic Minerals Corporation (Strategic Minerals). Defendant Arrowood Indemnity Company (Arrowood), as workers' compensation insurer for Strategic Minerals, became responsible for those claims. Arrowood and its claims adjusters Dawn Chrisler and Melissa Piraino (collectively, defendants) appeal from an order insofar as it denied that part of their motion seeking to dismiss the complaint against them.
Initially, we conclude that Supreme Court erred in denying the motion insofar as it sought dismissal of the complaint against Chrisler and Piraino, who are employees of Arrowood. We therefore modify the order accordingly. Our review of the record " 'fails to reveal any factual allegations that [those employees] acted either outside the scope of their employment or for personal profit' in a manner that would open them to personal liability" (Maki v Travelers Cos. Inc., 145 AD3d 1228, 1230 [3d Dept 2016], appeal dismissed 29 NY3d 943 [2017]; see O'Keefe v Allstate Ins. Co., 90 AD3d 725, 726 [2d Dept 2011]; Freyne v Xerox Corp., 98 AD2d 965, 965 [4th Dept 1983]).
We also conclude that the court erred in denying the motion insofar as it sought dismissal of the 1st through 10th causes of action against Arrowood, and we further modify the order accordingly. A number of plaintiff's causes of action are barred by the exclusivity provisions of [*2]the Workers' Compensation Law. Under that statute, an employer such as Strategic Minerals must, with certain exceptions not relevant here, "secure compensation to [its] employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury" (Workers' Compensation Law § 10 [1]). An employer's liability under that statute is "exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives, spouse, parents, dependents, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom" (§ 11). Thus, "the Workers' Compensation Law provides the exclusive remedy to an employee for a work-related injury. In addition the law is settled that an employee has no cause of action against his employer for the negligent aggravation of [a work-related] injury" (Burlew v American Mut. Ins. Co., 99 AD2d 11, 14 [4th Dept 1984], affd 63 NY2d 412 [1984]). That is because "[t]he legislative scheme for workers' compensation benefits is far-reaching. It concerns itself not only with the simple fact of a work-related injury, but it provides a thorough system of regulation, administration, and, where the Legislature has deemed them appropriate, sanctions" (Burlew, 63 NY2d at 416). "In addition to providing relief for work-related injuries, the Workers' Compensation Law also regulates the processing of claims. Injuries allegedly occurring as a result of an employer's delay in authorizing surgery are subject to the exclusive remedies provided in that legislative plan" (id. at 414-415). The Workers' Compensation Law does not "provide that a separate lawsuit may be instituted to recover damages for the emotional distress triggered by an employer's delay" in processing claims (id. at 417; see Mark B. v County of Onondaga, 273 AD2d 834, 834 [4th Dept 2000], lv denied 95 NY2d 764 [2000]). "Furthermore, a compensation carrier stands in the place of the employer and is subrogated to its rights and claims when the carrier performs its obligations under its insurance policy . . . It may avail itself of any defense possessed by its insured, the employer" (Burlew, 99 AD2d at 14).
Here, in denying the motion, the court concluded that the complaint alleged that defendants acted intentionally in denying or delaying decedent's claims for benefits. "Intentional injuries are not covered by the Workers' Compensation Law, and an employee may bring a tort action for such wrongs against the offending employer or insurer" (Burlew, 63 NY2d at 417; see Acevedo v Consolidated Edison Co. of New York, Inc., 189 AD2d 497, 500-501 [1st Dept 1993], lv dismissed 82 NY2d 748 [1993]). Nevertheless, in order "[t]o sufficiently plead an intentional tort that will neutralize the statute's exclusivity there must be alleged an intentional or deliberate act . . . directed at causing harm to the particular employee" (Acevedo, 189 AD2d at 500-501; see Briggs v Pymm Thermometer Corp., 147 AD2d 433, 436 [2d Dept 1989]).
Accepting the facts as alleged in the complaint as true and according plaintiff the benefit of every favorable inference, as we must on this motion to dismiss under CPLR 3211 (see Hall v McDonald's Corp., 159 AD3d 1591, 1592 [4th Dept 2018]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the 2nd through 5th, 7th, 8th, and 10th causes of action against Arrowood must be dismissed inasmuch as they do not allege intentional conduct by defendants and thus are barred by the exclusivity provisions of the Workers' Compensation Law (see Pereira v St. Joseph's Cemetery, 54 AD3d 835, 836-837 [2d Dept 2008]; see generally Burlew, 63 NY2d at 414-415).
Although the 1st cause of action, which seeks damages for bad faith denial of an insurance claim, arguably alleges intentional conduct by defendants, there is "no separate cause of action in tort for an insurer's bad faith failure to perform its [contractual] obligations" under an insurance policy (Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842 [2d Dept 2005] [internal quotation marks omitted]; see Paterra v Nationwide Mut. Fire Ins. Co., 38 AD3d 511, 512-513 [2d Dept 2007]; see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320 [1995]). In addition, plaintiff failed to allege or demonstrate "the creation of a relationship or duty between herself [or decedent] and [Arrowood] separate from this contractual obligation; therefore, no independent tort claim lies" (Alexander v GEICO Ins. Co., 35 AD3d 989, 990 [3d Dept 2006]).
With respect to the 6th cause of action, for deceptive business practices under General Business Law § 349, we note that "[a] plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Reid v Univera Healthcare, 178 AD3d 1406, 1406-1407 [4th Dept 2019], lv denied 35 NY3d 1062 [*3][2020] [internal quotation marks omitted]). In the 6th cause of action, plaintiff alleges only a private contract dispute unique to the parties, which does not constitute the consumer-oriented conduct required by the statute (see New York Univ., 87 NY2d at 320-321).
Plaintiff's 9th cause of action, for fraud, fails inasmuch as
" 'a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation' " (Reid, 178 AD3d at 1407-1408). Moreover, the complaint fails to state in detail the circumstances constituting the alleged fraud (see Leonardi v County of Cayuga, 103 AD3d 1232, 1233-1234 [4th Dept 2013]; see generally CPLR 3016 [b]).
Arrowood further contends that the 11th, 12th, and 14th causes of action are barred by the applicable statutes of limitations. "On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). If the defendant meets that burden, the burden then shifts to the plaintiff to "aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 186 AD3d 543, 543-544 [2d Dept 2020] [internal quotation marks omitted]; see Rider, 192 AD3d at 1562).
Here, we conclude that Arrowood met its burden with respect to the 14th cause of action by establishing that the one-year statute of limitations for intentional prima facie tort expired (see generally 10 Ellicott Sq. Ct. Corp. v Violet Realty Inc., 81 AD3d 1366, 1368-1369 [4th Dept 2011], lv denied 17 NY3d 704 [2011]), and plaintiff failed to meet her burden of averring evidentiary facts establishing that the limitations period " 'has not expired, that it is tolled, or that an exception to the statute of limitations applies' " (Arnell Constr. Corp., 186 AD3d at 543-544). Consequently, we further modify the order by granting the motion insofar as it sought dismissal of the 14th cause of action against Arrowood.
Plaintiff's 11th cause of action, which seeks to recover for, in essence, tortious interference with business relations, is governed by a three-year statute of limitations (see generally Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47-48 [1st Dept 2009], lv dismissed in part and denied in part 14 NY3d 736 [2010]), as is her 12th cause of action for tortious interference with contract (see CPLR 214 [4]; Andrew Greenberg, Inc. v Svane, Inc., 36 AD3d 1094, 1099 [3d Dept 2007]). Such claims are "not enforceable until damages are sustained and that point, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual" (Andrew Greenberg, Inc., 36 AD3d at 1099 [internal quotation marks omitted]; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 92 [1993]; Sapienza v Notaro, 172 AD3d 1418, 1420 [2d Dept 2019]).
Here, Arrowood met its burden of establishing that the limitations period had expired with respect to most of the injuries alleged in the 11th and 12th causes of action. Accepting the facts alleged in the complaint as true and according plaintiff the benefit of every favorable inference (see generally Leon, 84 NY2d at 87-88), however, we conclude that the complaint alleges an injury within three years preceding the filing of the complaint in 2020, specifically that decedent was injured by the denial of back surgery at the Bonati Spine Institute in 2017 due to Arrowood's refusal to permit him to obtain MRIs of his spine at earlier dates, and thus Arrowood failed to meet its burden on the motion with respect to those allegations. We therefore further modify the order by granting those parts of the motion seeking to dismiss the 11th and 12th causes of action against Arrowood insofar as they assert claims that accrued more than three years preceding the filing of the complaint.
Finally, the 13th cause of action is a "derivative cause of action [that] cannot survive the dismissal" of the underlying causes of action (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711 [2d Dept 2012]; see Allington v Templeton Found., 167 AD3d 1437, 1440 [4th Dept 2018]), and we therefore further modify the order by granting that part of the motion seeking dismissal of the 13th cause of action against Arrowood except insofar as that cause of action is based on the surviving parts of the 11th and 12th causes of action.
All concur except DeJoseph, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court