C. R. J. v Oswego County (2025 NY Slip Op 02455)

C. R. J. v Oswego County

2025 NY Slip Op 02455

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, AND HANNAH, JJ.

173 CA 23-02137

[*1]C. R. J., PLAINTIFF-APPELLANT,
v
OSWEGO COUNTY, ET AL., DEFENDANTS, BERKSHIRE FARM CENTER AND SERVICES FOR YOUTH, DEFENDANT-RESPONDENT.
COUNTY OF OSWEGO, THIRD-PARTY PLAINTIFF, 
v
BERKSHIRE FARM CENTER AND SERVICES FOR YOUTH, ET AL., THIRD-PARTY DEFENDANTS. 

HERMAN LAW, NEW YORK CITY (STUART S. MERMELSTEIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GIRVIN & FERLAZZO, P.C., ALBANY (BONNIE WATSON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oswego County (Jeffrey A. Tait, J.), entered December 6, 2023. The order, insofar as appealed from, granted the motion of defendant Berkshire Farm Center and Services for Youth to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, by summons and complaint filed June 30, 2021 (original complaint), commenced this personal injury action pursuant to the Child Victims Act (CVA) (see CPLR 214-g) against defendant-third-party plaintiff County of Oswego (County) and unknown parties pursuant to CPLR 1024. Plaintiff alleged that, while in foster care under the custody of the County in the 1980s, she was placed in a foster home where she was regularly and repeatedly abused by her foster father. Plaintiff alleged that the County breached its duty to use reasonable care in the investigation, licensing, and supervision of foster care facilities, homes, and families and that the County was vicariously liable for the acts and omissions of private not-for-profit organizations with which it contracted to provide foster care services, which included the unknown parties.
During discovery, the County asserted upon information and belief that plaintiff's placement in the home of the foster father was coordinated and supervised by defendant-third-party defendant Berkshire Farm Center and Services for Youth (Berkshire). The County subsequently served on Berkshire a subpoena duces tecum dated August 22, 2022, demanding, among other things, production of any records concerning the placement and supervision of children, including plaintiff, in the foster father's home. On March 28, 2023, the County filed a third-party summons and complaint that, among other things, named Berkshire as a third-party defendant. Berkshire filed an answer to the third-party complaint on April 27, 2023.
Pursuant to CPLR 1009, plaintiff filed a supplemental summons and an amended complaint on May 11, 2023 (amended complaint) that, among other things, named Berkshire as a defendant in the primary action. Berkshire filed a pre-answer motion pursuant to CPLR 3211 (a) [*2](5) to dismiss the amended complaint against it as untimely. We conclude that Supreme Court properly granted the motion, but our reasoning differs from that of the court.
" 'On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired' " (Falletta v Norman, 220 AD3d 1207, 1208 [4th Dept 2023]). "If the defendant meets that burden, the burden then shifts to the plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Morales v Arrowood Indem. Co., 203 AD3d 1603, 1607 [4th Dept 2022] [internal quotation marks omitted]). With respect to the relation back exception asserted by plaintiff, "the CPLR codifies the relation back doctrine and provides that 'a claim asserted in the complaint [in an action commenced by filing] is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced' " (Matter of Nemeth v K-Tooling, 40 NY3d 405, 410 [2023], quoting CPLR 203 [c]; see CPLR 203 [f]). Under the three-pronged test, "[t]he relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading" (Nemeth, 40 NY3d at 407-408; see Buran v Coupal, 87 NY2d 173, 178 [1995]). "The doctrine focuses on the notice and prejudice to the added party" (Nemeth, 40 NY3d at 408). Indeed, "the linchpin of the relation back doctrine [is] notice to the [added party] within the applicable limitations period" (id. at 411 [internal quotation marks omitted]; see Buran, 87 NY2d at 180; Falletta, 220 AD3d at 1209; Lostracco v Mt. St. Mary's Hosp. of Niagara Falls, 38 AD3d 1312, 1312 [4th Dept 2007]).
It is undisputed that Berkshire met its initial burden of establishing that the limitations period had expired by the time plaintiff filed the supplemental summons and amended complaint naming Berkshire as a defendant in the primary action (see Falletta, 220 AD3d at 1208; see generally Patterson v Nassau County Social Servs. Dept., 231 AD3d 742, 743 [2d Dept 2024]).
The burden thus shifted to plaintiff to aver evidentiary facts establishing, as asserted here, that the relation back doctrine applies (see Morales, 203 AD3d at 1607). Preliminarily, we agree with Berkshire that plaintiff's CVA claims against Berkshire are not rendered timely under the rule allowing a direct claim asserted in an amended pleading by a plaintiff against a third-party defendant to relate back to the date that the third-party complaint was interposed (see CPLR 203 [f]; Duffy v Horton Mem. Hosp., 66 NY2d 473, 478 [1985]) inasmuch as the third-party complaint against Berkshire was filed on March 28, 2023, well after expiration of the statute of limitations (see Zamani v Rite Way Bldg. Indus., 254 AD2d 283, 284 [2d Dept 1998]). We further agree with Berkshire that, contrary to plaintiff's contention, her CVA claims against Berkshire cannot be deemed to relate back to the timely-filed original complaint because she has not satisfied the third prong of the test. There is no dispute that plaintiff "established that her failure to include [Berkshire in the original complaint] was a mistake and not the result of a strategy to obtain a tactical advantage" (Falletta, 220 AD3d at 1210). However, the record here "is devoid of any evidence that [Berkshire] was aware that a CVA action had been commenced against the . . . County . . . prior to the expiration of the statute of limitations" (Patterson, 231 AD3d at 744). Indeed, plaintiff "failed to present any evidence establishing that [Berkshire] had notice that an action had been commenced" until the County served Berkshire with the subpoena duces tecum dated August 22, 2022, which was after the expiration of the limitations period (Lostracco, 38 AD3d at 1312; see Cole v Tat-Sum Lee, 309 AD2d 1165, 1167-1168 [4th Dept 2003]; Williams v Majewski, 291 AD2d 816, 817-818 [4th Dept 2002]). We thus conclude that plaintiff failed to meet her burden with respect to the third prong of the relation back doctrine (see Patterson, 231 AD3d at 744).
Finally, we note that plaintiff has expressly abandoned on appeal any contention that she is entitled pursuant to CPLR 1024 to substitute Berkshire as a defendant for an unknown party in the original complaint (cf. A.S. v Erie County, 219 AD3d 1694, 1694-1696 [4th Dept 2023]; see generally Matter of Dhir v Winslow [appeal No. 3], 224 AD3d 1259, 1260 [4th Dept 2024]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court