P.E. v Erie County (2025 NY Slip Op 07162)

P.E. v Erie County

2025 NY Slip Op 07162

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

873 CA 24-00876

[*1]P.E., PLAINTIFF-APPELLANT,
vERIE COUNTY, ET AL., DEFENDANTS, AND CHILD AND FAMILY SERVICES OF ERIE COUNTY, DEFENDANT-RESPONDENT.

HERMAN LAW, NEW YORK CITY (MELISSA MARIE KUBIAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered April 25, 2024, in a personal injury action. The order granted the motion of defendant Child and Family Services of Erie County to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that granted the motion of defendant Child and Family Services of Erie County (CFS) seeking to dismiss the amended complaint against CFS pursuant to CPLR 3211 (a) (5) and dismissed the amended complaint against CFS with prejudice. We affirm.
In moving to dismiss on statute of limitations grounds, a defendant has "the initial burden of establishing prima facie that the time in which to sue ha[s] expired" (Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019] [internal quotation marks omitted]; see Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011]). "If the defendant meets that burden, the burden then shifts to the plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Morales v Arrowood Indem. Co., 203 AD3d 1603, 1607 [4th Dept 2022] [internal quotation marks omitted]).
Here, CFS met its initial burden of establishing that the limitations period had expired by the time plaintiff filed the supplemental summons and amended complaint naming CFS as a defendant in the primary action (see Falletta v Norman, 220 AD3d 1207, 1208 [4th Dept 2023]; see generally Patterson v Nassau County Social Servs. Dept., 231 AD3d 742, 743 [2d Dept 2024]).
We reject plaintiff's contention that she averred evidentiary facts establishing the elements of the relation back exception. "Section 203 of the CPLR codifies the relation back doctrine and provides that 'a claim asserted in the complaint [commenced by filing] is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced' " (Matter of Nemeth v K-Tooling, 40 NY3d 405, 410 [2023], quoting CPLR 203 [c]; see CPLR 203 [f]). Under the three-pronged test, "[t]he relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading" (Nemeth, 40 NY3d at [*2]407-408; see Buran v Coupal, 87 NY2d 173, 178 [1995]). "The doctrine focuses on the notice and prejudice to the added party" (Nemeth, 40 NY3d at 408). Indeed, "the linchpin of the relation back doctrine [is] notice to the [added party] within the applicable limitations period" (id. at 411 [internal quotation marks omitted]; see Buran, 87 NY2d at 180; Falletta, 220 AD3d at 1209; Lostracco v Mt. St. Mary's Hosp. of Niagara Falls, 38 AD3d 1312, 1312 [4th Dept 2007]).
With respect to the third prong of the relation back doctrine, plaintiff was required to "establish that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (Lostracco, 38 AD3d at 1312 [internal quotation marks omitted]; see Buran, 87 NY2d at 178; Williams v Majewski, 291 AD2d 816, 817 [4th Dept 2002]). Here, plaintiff failed to meet her burden of averring evidentiary facts establishing that CFS knew or should have known that the action would have been brought against it within the limitations period but for a mistake by plaintiff concerning its identity (see C.R.J. v Oswego County, 237 AD3d 1515, 1517-1518 [4th Dept 2025]; Lostracco, 38 AD3d at 1312). On this record, there is no basis to conclude that CFS had notice that the action had been commenced, much less that it knew or should have known within the limitations period that, but for plaintiff's error, this action would have been brought against it as well (see Cole v Tat-Sum Lee, 309 AD2d 1165, 1167 [4th Dept 2003]; see also Norton v County of Westchester, 241 AD3d 833, 835 [2d Dept 2025]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court